IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENNIS L. GOINS,                          §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §          3:04-CV-1623-P
                                          §
JOHN E. POTTER, Postmaster                §
General, United States Postal Service     §
                                          §
          Defendant.                      §

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Potter's Motion for Summary Judgment, filed August

17, 2005. Pro Se Plaintiff's Opposition to Motion for Summary Judgment was filed on September

13, 2005. After a thorough review of the pleadings, the briefing, the summary judgment evidence,

and the applicable law, the Court GRANTS Defendant Potter's Motion for Summary Judgment.

**I.      Background**

Plaintiff Dennis Goins ("Plaintiff"), an African-American male, was terminated from his

employment with the United States Postal Service ("USPS") on June 24, 1998. The termination

was allegedly based upon Plaintiff's failure to follow instructions, failure to follow safety rules

and regulations, and for unsatisfactory and irregular attendance. Plaintiff subsequently filed a

complaint with the EEOC, and on August 31, 2000, an administrative judge ruled in favor of the

USPS. On May 11, 2004, the EEOC affirmed this decision. (*See* Def.'s Mot. Summ. J. at 1-2.)[1]

Plaintiff then filed his original complaint with this Court against John Potter, Postmaster

---

[1] All cites to "Def.'s Mot. Summ. J." refer to Defendant's Brief in Support of His Motion for Summary
Judgment, filed August 17, 2005.

General of the USPS ("Defendant"), on July 24, 2004. On April 15, 2005, the Court granted

Defendant's Motion to Dismiss, stating that Plaintiff had not met the minimum pleading

requirements of Fed. R. Civ. P. 8(a)(2). However, the Court granted Plaintiff the opportunity to

amend his Complaint to comply with the Order, and on May 9, 2005, Plaintiff's Amended

Complaint (hereinafter "Complaint") was deemed filed of record. Defendant has filed the present

Motion for Summary Judgment, arguing that Plaintiff has failed to present evidence that would

support his causes of action.

## II.     Summary Judgment Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears

the burden of informing the district court of the basis for its belief that there is an absence of a

genuine issue for trial, and of identifying those portions of the record that demonstrate such an

absence. *Id.* However, all evidence and reasonable inferences to be drawn therefrom must be

viewed in the light most favorable to the party opposing the motion. *United States v. Diebold,*

*Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must

come forward with competent summary judgment evidence of the existence of a genuine fact

issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The

party defending against the motion for summary judgment cannot defeat the motion unless he

provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment *Id.* at 248-50; *Abbot v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

## III.   Analytical Framework

The Court initially notes that Plaintiff is proceeding *pro se.* Therefore, his Complaint should not be held to the same standards of pleading as an attorney. Plaintiff should not be punished for lacking the linguistic skills of a trained lawyer, rather, courts have adopted the rule that the briefs and allegations of *pro se* litigants should be construed liberally. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Perez v. U.S.,* 312 F.3d 191, 194-95 (5th Cir. 2002). Construing the complaint liberally, Plaintiff has made out claims of unlawful discrimination based on race, sex, and prior EEO activity. Absent direct evidence of discrimination, Plaintiff's employment discrimination claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973). *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000).

Under the *McDonnell Douglas* framework, Plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination in order to survive

Defendant's Motion for Summary Judgment. The *prima facie* case, once established, raises a presumption of discrimination which the Defendant must rebut by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). This burden on the employer is only one of production, not persuasion, involving no credibility assessments. *Russell*, 235 F.3d at 222.

If the employer carries its burden, the mandatory inference of discrimination created by the *prima facie* case disappears. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). In order to survive summary judgment, a plaintiff must then raise a genuine issue of material fact as to whether the employer's proffered reason was merely pretext for discrimination. *See id.*; *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). Plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justifications are false, may show pretext and permit the trier of fact to find the employer unlawfully discriminated. *Machinchick*, 398 F.3d at 351; *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000).

## IV.    Title VII Race and Sex Discrimination

"Title VII provides that 'it shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin.'" *Meinecke v. H & R Block*, 66 F.3d 77, 83 (5th Cir. 1995) (quoting 42 U.S.C. § 2000e-2(a)(1)). In order to survive Defendant's Motion for Summary Judgment, Plaintiff must first demonstrate, by a preponderance of the evidence, a *prima facie* case of discrimination. *Shackelford v. DeLoitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).

Such a case is established when Plaintiff proves (1) he is a member of a protected class; (2) that he was qualified for his position; (3) that he suffered an adverse employment action; and (4) that he was replaced by someone outside the protected class or that others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

### a.   *Prima facie* case

Defendant does not dispute that Plaintiff meets the first three elements of the *prima facie* case. Plaintiff is an African-American male, there has been no allegation that he was not qualified to work for the USPS, and he suffered an adverse employment decision when he was terminated. The dispute centers on the fourth prong of the *prima facie* case. In its Motion for Summary Judgment, Defendant claims that Plaintiff offers no evidence to suggest that he was replaced by someone outside his protected class or that such persons outside the protected class were treated more favorably. In response, Plaintiff does not claim that he was replaced by someone outside the protected class. However, Plaintiff has produced various documents suggesting that other employees outside of his protected classes were treated more favorably after committing infractions similar to those that allegedly prompted Plaintiff's termination. Given the fact that, in many cases, a "*prima facie* case is fairly easily made out," the Court will assume that Plaintiff's evidence is sufficient and he would at least be able to demonstrate a *prima facie* case. *Florer v. Electronic Data Sys.*, No. 3:03-CV-1175, 2004 WL 1898266 at *4 (N.D. Tex. Aug. 24, 2004) (citing *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 812 (5th Cir. 1991)).

### b.   Defendant's legitimate, non-discriminatory reasons

Once the plaintiff establishes a *prima facie* case, the burden of production shifts to Defendant to establish a legitimate, non-discriminatory reason for the discharge. An employer can meet this burden by proffering admissible evidence that would be legally sufficient to justify their decision. The burden is one of production, not persuasion. *Reeves,* 530 U.S. at 142. In the Notice of Removal, Defendant states three separate reasons for the termination of Plaintiff. First, Plaintiff failed to follow the instructions of his manager on numerous occasions. Second, Plaintiff failed to follow safety rules and regulations on at least two occasions. And third, Plaintiff had a history of irregular and unsatisfactory attendance. (App. Def.'s Mot. Summ. J. at 1-3.) The Fifth Circuit has stated that an employer's proffered reason does not have to be persuasive or even credible, only legitimate and non-discriminatory. *See Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993). Given this low threshold, the Court finds that Defendant has easily met its burden of production and has offered legitimate, non-discriminatory reasons for discharging Plaintiff.

**c.     Pretext**

Because the USPS has met its burden of producing a legitimate, non-discriminatory reason for Plaintiff's termination, the presumption of discrimination created by the *prima facie* case disappears. Summary judgment is proper unless Plaintiff can produce evidence showing that either Defendant's reasons were pretextual or a discriminatory motive was also a factor in the decision to terminate. *Rachid v. Jack in the Box,* 376 F.3d 305, 312 (5th Cir. 2004). "Once a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Shackelford*, 190 F.3d at 404 (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989,993 (5th Cir. 1996)). The

ultimate burden of persuasion rests squarely on Plaintiff. *See Marcantel v. Louisiana Dep't of Transp. & Dev.*, 37 F.3d 197, 200 (5th Cir. 1994).

Plaintiff argues he was subjected to disparate treatment because other employees at the USPS committed similar violations as him, but were not terminated. Plaintiff contends that this raises a fact issue as to the employer's motivations behind the termination. Disparate treatment of similarly situated employees is a valid way to demonstrate unlawful discrimination. *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (citing *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990)). But in order to raise an inference of discrimination by means of disparate treatment, Plaintiff must show that preferential treatment was given to a similarly situated employee in "nearly identical" circumstances. *Bryant*, 413 F.3d at 478; *Okoye*, 245 F.3d at 514. Plaintiff fails to show disparate treatment, as he does not produce evidence of any employees who were similarly situated.

The record shows that Plaintiff's infractions were much more numerous and egregious than the employees cited as a comparison group. Jurgen E. Klein, acting manager of the Valley Ranch Annex where Plaintiff was employed, states under oath that he requested the removal of Plaintiff based on three distinct factors. First, in the Notice of Removal letter sent to Plaintiff, Mr. Klein identifies ten separate incidents where Plaintiff did not follow the instructions of his supervisor. The violations include repeated failures to fill out forms for overtime work, failing to deliver mail on time, and generally failing to meet the minimum standards of acceptable employment. The cited incidents all occurred within three months of Plaintiff's termination letter. Secondly, Plaintiff was cited for violating the USPS safety rules and regulations on two

occasions, both occurring within two months of the letter of removal. On April 8, 1998, Plaintiff

allowed his postal vehicle to run out of gas on a busy highway, creating a safety hazard in

violation of his employment duties. On April 24, 1998, Plaintiff was involved in an automobile

accident involving his postal vehicle wherein he was cited for following too closely. Third, the

removal letter listed seven instances of unsatisfactory and irregular attendance, all occurring

within the previous two months. The letter states that, during the pre-disciplinary hearing,

Plaintiff did not bring forth any evidence that would explain these violations. Furthermore, Mr.

Klein states that Plaintiff had received two prior 14 day suspensions and that these were taken

into account in the decision to remove Plaintiff. (App. Def.'s Mot. Summ. J. at 1-9.)

In response, Plaintiff does not dispute the bulk of these allegations.[2] Instead, he produces

an ambiguous and largely irrelevant appendix in an attempt to show that other employees

committed similar infractions. Ordinarily, "[t]he party opposing summary judgment is required to

identify specific evidence in the record and to articulate the precise manner in which the evidence

supports his or her claim." *Ragas*, 136 F.3d at 458. Plaintiff fails to give the Court any assistance

in how to interpret the documents he has produced, but, as he is proceeding *pro se*, the Court has

given Plaintiff's evidence considerable leeway. But even with a liberal reading of the evidence,

Plaintiff has cited no fellow employee that is remotely close to being similarly situated. In Exhibit

1, Plaintiff cites a "Caucasian White Male" who was twice cited for being tardy and was

subsequently not terminated. (*See* App. Pl.'s Resp., Ex. 1.) But in both instances, it appears to the

---

[2] Plaintiff appears to oppose some of the charges by supplying several examples of the "PS Form 3996" (*See* App. Pl.'s Resp., Ex. 4.), presumably in an attempt to show that he followed his supervisor's instructions on at least a few occasions. But even assuming this evidence refuted the particular allegations, the majority of the cited reasons for termination remain undisputed.

Court that the employee was less than fifteen minutes late. In Exhibit 2, Plaintiff cites a

"Caucasian White Female" who was given a 14 day suspension for several incidents of

unsatisfactory attendance. (App. Pl.'s Resp. at 1-10.) This employee also appears to have been

involved in a traffic accident nearly ten months prior to the incidents of unsatisfactory attendance.

(App. Pl.'s Resp. at 29.)[3] While these employees are outside the protected class, their isolated

infractions do not compare to the multitude of violations committed by Plaintiff. In no way could

their circumstances be characterized as "nearly identical." In sum, the Court finds that Plaintiff

has not made a valid case for disparate treatment because he cannot show any employees who

were similarly situated to him. Without a claim for disparate treatment, Plaintiff has no evidence

to rebut his employer's legitimate, non-discriminatory reasons for his termination. Therefore,

summary judgment is proper on the claims of race and sex discrimination.

## V.     Retaliation

In his Complaint, Plaintiff also claims he was terminated because of previous complaints

he made to the EEO. Where, as here, the plaintiff offers circumstantial evidence, the same

*McDonnell Douglas* burden shifting framework applies. *Septimus v. Univ. of Houston*, 399 F.3d

601, 608 (5th Cir. 2005).

To establish a prima facie case of retaliation under Title VII, Plaintiff must demonstrate

that: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a

causal link existed between the protected activity and the adverse employment action. *Fabela v.*

---

[3] Plaintiff further cites evidence that many of his other co-workers have been involved in traffic accidents. (*See* App. Pl.'s Resp., Ex. 6.)  The Court is left to assume that Plaintiff is implying that not every employee who gets into an automobile accident is terminated. This inference falls well short of raising a fact issue for trial.

Order
3:04-CV-1623-P
Page 9 of 11

*Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003); *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992). The Defendant does not dispute that the first two elements are met: the filing of EEO complaints is protected activity and Plaintiff's termination was an adverse employment action. Defendant contends, however, that the third element cannot be met because Plaintiff fails to show a causal link between the EEO complaints and his subsequent termination. A causal link is established when the evidence shows that the employer's decision to terminate the employee was based, at least in part, on knowledge of the employee's protected activity. *Medina*, 238 F.3d at 684.

Plaintiff fails to put forth any evidence that would indicate such a link. There is no evidence that would even suggest that the supervisor who requested Plaintiff's removal, Mr. Klein, was aware of the previous complaints. "If an employer was unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999).

But even in the absence of evidence that would suggest an employer had knowledge of the protected activity, the Fifth Circuit has held that "[c]lose timing between an employee's protected activity and an adverse action against the employee may provide the 'causal connection' required to make out a prima facie case of retaliation." *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001); *see also Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). The Court went on to note that a gap of up to four months had been held sufficient to demonstrate a causal connection such that the third prong of a *prima facie* case could be satisfied. *Id.* at 354. In

the present case, Plaintiff alleges that his EEO complaints of 1986, 1989, and 1993 contributed to his ultimate termination of 1998. The Northern District of Texas has held that a two year time gap between the filing of an EEO complaint and termination was not sufficient, by itself, to satisfy the causal link. *Bennett v. City of Dallas*, No. 3:01-CV-2579, 2003 WL 22077719, at *6 (N.D. Tex. Aug. 7, 2003). This holding comports with Supreme Court precedent that states the time between protected activity and an adverse employment decision must be "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that a time gap of 20 months suggested no causal link). Thus, without additional evidence, a five year time gap is insufficient to establish a causal link. Therefore, Plaintiff cannot prove his *prima facie* case for retaliation and summary judgment is proper.

## VI.     Conclusion

For the foregoing reasons, Defendant Potter's Motion for Summary Judgment is hereby GRANTED with respect to each of Plaintiff's claims.


**IT IS SO ORDERED**.

Signed this 3rd day of November 2005.


*Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE